IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:10-cv-00627

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| JACQUELINE SORRELL, ) | **CONSENT DECREE** |
| ) | |
| Intervenor-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HILLSBOROUGH PIZZERIA, INC., d/b/a ) | |
| VINNY'S ITALIAN GRILL, ) | |
| ) | |
| Defendant. ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that the Defendant, Hillsborough Pizzeria, Inc., d/b/a Vinny's Italian Grill (the "Defendant") subjected Jacqueline Sorrell and a class of similarly situated female employees to a sexually hostile work environment in violation of Title VII. The complaint further alleged that Defendant retaliated against Jacqueline Sorrell and a class of similarly situated female employees for complaining about the sexually hostile work environment – also in violation of Title VII. Thereafter, Jacqueline Sorrell (the "Intervenor-Plaintiff") intervened, through counsel, alleging violations of Title VII and state law. By entering into this settlement, Defendant does not admit to any liability.

The Commission, Intervenor-Plaintiff, and Defendant hereby stipulate to the jurisdiction

of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a sexually hostile work environment, or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of Forty Thousand and no 100s dollars ($40,000.00) in settlement of the claims raised in this action. Payments shall be made to the following individuals in amounts determined by the Commission: Jacqueline Sorrell, Maranda Wilkerson, and Sarah Johanson (the "Individual Claimants"). Within five (5) days of the entry of this decree, the Commission will provide Defendant with a schedule showing the amount to be paid to each Individual Claimant as well as the address to which payment shall be mailed. Defendant shall

make payment pursuant to the schedule provided by the Commission in four (4) installments: the first payment is Five Thousand and no 100s dollars ($5,000.00) and is to be made twenty (20) days after the Consent Decree is entered by the Court (the "First Payment"); the second payment is Fifteen Thousand and no 100s dollars ($15,000.00) and is to be made three (3) months after the First Payment (the "Second Payment"); the third payment is Fifteen Thousand and no 100s dollars ($15,000.00) and is to be made three (3) months after the Second Payment (the "Third Payment"); and the fourth payment is Five thousand and no 100s dollars ($5,000.00) and is to be made one month after the Third Payment (the "Fourth Payment"). Within ten (10) days after each payment has been mailed, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of each check to each Individual Claimant. A Form 1099 shall issue for all payments.

4. <u>Letter of Reference</u>. Defendant agrees to provide Jacqueline Sorrell with a positive letter of reference using the form attached hereto as Exhibit A. Defendant agrees to provide Sarah Johanson and Maranda Wilkerson with a neutral letter of reference using the form attached hereto as Exhibit A1.

5. <u>Sexual Harassment Policy</u>. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt a sexual harassment policy to include the following: (1) clearly described procedures for reporting sexual harassment, including contact information for the person to whom a complaint should be made; (2) assurance that Defendant will protect the confidentiality of harassment complaints to the extent possible; (3) a procedure for the prompt, thorough, and impartial investigation of employee complaints of harassment; and (4) assurance that Defendant will take immediate and appropriate corrective action when it determines that

3

sexual harassment has occurred. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached

4

Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals who, during the previous six (6) months, (i) have made any complaints about sexual comments, sexual conduct, or any conduct that the complainant deems sexual in nature; (ii) have made any complaints about conduct that could be construed as sexual harassment under Defendant's sexual harassment policy; and (iii) have complained about sexual harassment, including by way of identification each person's name, address, telephone number, position, and social security number; and

    B. a brief description of the individual's complaint; and

    C. a description of all actions taken by Defendant in response to the individual's complaint; and

    D. for each individual identified in 9.A above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to termination, firing, demotion, promotion or from full-time to part-time and vice versa); and

    E. for each individual whose employment status has changed as identified in 9.D above, a detailed status explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine

and copy documents. The Commission will give Defendant five (5) days notice of its intent to interview employees and examine and copy documents. However, no notice will be given to review compliance with the provisions of paragraphs 6 and 8.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: (1) if by mail – Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202; or (2) if by email – EEOC-CTDO-DECREE-MONITORING@EEOC.GOV.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 26th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov


/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
katherine.zimmerman@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorney for Plaintiff*

**HILLSBOROUGH PIZZERIA, INC., d/b/a Vinny's Italian Grill, Defendant**

/s/ Brian H. Alligood
Brian H. Alligood
Sharpless & Stavola, P.A.
P.O. Box 22106
Greensboro, North Carolina 27420
bha@sharpless-stavola.com
N.C. State Bar No. 37361
*Attorney for Defendant*

**JACQUELINE SORRELL, Intervenor-Plaintiff**

/s/ Michael A. Kornbluth
Michael A. Kornbluth
Taibi Kornbluth Law Group, P.A.
3100 Tower Blvd., Suite 800
Durham, North Carolina 27707
mkornbluth@kornbluthlaw.com
N.C. State Bar No. 27928
*Attorney for Intervenor-Plaintiff*

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Jacqueline Sorrell.

Jacqueline Sorrell was employed by Hillsborough Pizzeria, Inc., d/b/a Vinny's Italian Grill from [start date] to [last date of employment]. During her tenure with us, Jacqueline Sorrell held the position of [position]. Her ending salary was $_____ per hour.

Jacqueline Sorrell was a punctual and reliable employee who demonstrated good waitressing skills.

We hope that this information about Jacqueline Sorrell is helpful to you in considering her for employment.

Sincerely,



[Typed name of company representative]
[Position, Hillsborough Pizzeria, Inc., d/b/a Vinny's Italian Grill]

# EXHIBIT A1

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, _____.

_____ was employed by Hillsborough Pizzeria, Inc., d/b/a Vinny's Italian Grill from [start date] to [last date of employment]. During her tenure with us, _____ held the position of [position]. Her ending salary was $_____ per hour.

We hope that this information about _____ is helpful to you in considering her for employment.

Sincerely,


[Typed name of company representative]
[Position, Hillsborough Pizzeria, Inc., d/b/a Vinny's Italian Grill]

# EXHIBIT B
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | |
| and | ) ) | |
| JACQUELINE SORRELL, | ) | Civil Action No. 1:10-cv-00627 |
| Intervenor-Plaintiff, | ) | |
| v. | ) ) | **NOTICE** |
| HILLSBOROUGH PIZZERIA, INC., d/b/a VINNY'S ITALIAN GRILL, | ) ) | |
| Defendant. | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission, Jacqueline Sorrell, and Hillsborough Pizzeria, Inc. in a case of discrimination based on sex. Specifically, the EEOC alleged that Hillsborough Pizzeria, Inc. subjected a class of female employees to sexual harassment in violation of Title VII of the Civil Rights Act of 1964. As part of the settlement, Hillsborough Pizzeria, Inc. agreed to pay monetary damages to the aggrieved parties and to take other action set out in the Consent Decree resolving this matter. By entering into this settlement, Hillsborough Pizzeria, Inc. does not admit to any liability.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex, including sexual harassment.

3. Hillsborough Pizzeria, Inc. will comply with such federal law in all respects. Furthermore, Hillsborough Pizzeria, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013.